UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fred Krautkramer, individually and on behalf of others similarly situated, and Zach McQueen,<br><br>        Plaintiffs,<br><br>v.<br><br>Yamaha Motor Corporation, U.S.A., Inc.,<br><br>        Defendant. | Civ. No. 19-2559 (DWFBRT)<br><br><br><br>**ORDER FOR PRETRIAL CONFERENCE** |

Pursuant to Rule 16(a) of the Federal Rules of Civil Procedure, a pretrial conference will be held ***by Zoom video conferencing*** on **May 22, 2020, at 1:00 pm**, before United States Magistrate Judge Becky R. Thorson.

> The Court recognizes that this Order for Pretrial Conference is being issued at a time when there are guidelines or restrictions in place locally, nationally and internationally to protect people from unnecessary potential exposure to COVID-19. Accordingly, if the parties and their counsel have concerns with complying with this Order, they may jointly file a letter with their proposals for continuing the Pretrial Conference or requesting that the Court enter a scheduling order based on the Parties' 26(f) Report submission. Importantly, the parties and their counsel are not required to meet and confer in person and are encouraged to meet and confer by telephone or video conferencing.

Please read this Order carefully. Prior to the conference, counsel must comply with the following:

1. **Rule 26(f) Meeting and Report.** Meet before the scheduled pretrial conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1. No later than three business days prior to the pretrial conference, the parties must prepare and file a joint Rule 26(f) Report in compliance with the rules. The parties' Rule 26(f) Report must include a proposed discovery plan as required by Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1. The parties should prepare their proposed plan using the attached Rule 26(f) form. **The parties are encouraged to include additional scheduling or discovery plan proposals tailored to the case.** A Word version is available at http://www.mnd.uscourts.gov/Judges/thorson.shtml. To the extent the parties cannot reach agreement on any particular item about scheduling or discovery, they should set forth their separate positions in their Rule 26(f) Report for discussion at the pretrial conference. A copy of the 26(f) Report should be e-mailed to Magistrate Judge Thorson at thorson_chambers@mnd.uscourts.gov at the time of the joint filing.

2. **Settlement Conference and Confidential Settlement Letter.** In addition to the Rule 26(f) Report, each party must email to Magistrate Judge Thorson's chambers a 1-2 page confidential letter setting forth what settlement discussions have taken place and whether the party believes an early settlement conference would be productive.

   **The scheduling of an all-day settlement conference requires considerable advance notice (sometimes several months)**. If the parties agree to seek an early settlement conference, they may jointly contact the Court prior to the Rule 16 conference to reserve a date. If a date is reserved, they must include it in their 26(f) Report. A notice of settlement conference confirming the date will be issued after the Rule 16 conference.

   > Please note that the Court will not be holding in-person settlement conferences until guidelines or restrictions in place locally, nationally, and internationally to protect people from unnecessary potential exposure to COVID-19 are lifted. The Court will, however, entertain proposals to assist the parties with settlement efforts. For example, if the parties believe it would be productive, the Court is willing to connect the parties and their counsel by phone or video.

*Template Date March 2020*

3. **Rule 7.1 Disclosure, If Applicable.** Any party that is required to file a disclosure statement under Rule 7.1, must ensure that it properly filed. As Rule 7.1 provides, a nongovernmental corporate party must file a disclosure statement that (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock or (2) states that there is no such corporation. This disclosure statement must be filed with its first appearance, pleading, petition, motion, response, or other request addressed to the Court and promptly file a supplemental statement if any required information changes.

The Rule 16 Conference will be conducted by Zoom video conferencing. Counsel who will be trying the case should be on the conference with the authority to discuss all aspects of the 26(f) Report and scheduling conference topics. If this is not possible, substitute counsel with knowledge about the case and 26(f) Report should be arranged.

If a party does not have counsel of record listed in this case, it is the responsibility of counsel for Plaintiff to (1) immediately notify those parties and counsel of this conference, and (2) inform those parties and counsel of the requirements set forth in this notice.

Counsel have permission to file letters—ideally joint letters—with respect to any matters concerning the pretrial conference.

Date: May 7, 2020                                  *s/ Becky R. Thorson*
                                                   BECKY R. THORSON
                                                   United States Magistrate Judge

*Template Date March 2020*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Fred Krautkramer, individually and on behalf of others similarly situated, and Zach McQueen,

              Plaintiffs,

v.

Yamaha Motor Corporation, U.S.A.,

              Defendant.

Civ. No. 19-2559 (DWF/BRT)

**RULE 26(f) REPORT[1]**
**TEMPLATE**

---

    The parties/counsel identified below conferred as required by Fed. R. Civ. P. 26(f) and the Local Rules, on _____, and prepared the following report.

    The initial pretrial conference required under Fed. R. Civ. P. 16 and LR 16.2 is scheduled for _____, 20____, before United States Magistrate Judge Becky R. Thorson in Courtroom 6A of the U.S. Courthouse in, St. Paul, Minnesota.

(a) Rule 7.1 Disclosures.

    The parties must comply with Rule 7.1, if applicable:

    (1) For plaintiff: ____ Rule 7.1 does/does not apply.

    (2) For defendant _____Rule 7.1 does/does not apply.

(b) Description of the Case.

    (1) Concise factual summary of plaintiff's claims:

    (2) Concise factual summary of defendant's claims/defenses:

---

[1] This form is based on the forms found on the Court's website under the Court Forms tab, in the "Pretrial, Discovery and Trial Forms" section and is further customized by Magistrate Judge Thorson. http://www.mnd.uscourts.gov/local_rules/forms/Rule26f-report-non_patent.pdf. The parties must address each of the items, if applicable, and are encouraged to present additional scheduling and discovery plan proposals tailored to the case.

(3) Statement of jurisdiction (including statutory citations):

(4) Summary of factual stipulations or agreements:

(5) Statement of whether a jury trial has been timely demanded by any party:

(6) Statement as to whether the parties agree to resolve the matter under the Rules of Procedure for Expedited Trials of the United States District Court, District of Minnesota, if applicable:

(c) Pleadings.

Statement as to whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action:

(d) Discovery of Electronically Stored Information.[2]

The parties have discussed the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties have also discussed the form or forms in which electronic discovery should be produced. They inform the Court of the following agreements or issues:

---

[2] The Court refers counsel to "Discussion of Electronic Discovery at Rule 26(f) Conferences: A Guide for Practitioners," developed by the Federal Practice Committee, to help attorneys and parties prepare for a meaningful discussion of electronic discovery issues early in the litigation. The e-Discovery Guide is available on the Court's website http://www.mnd.uscourts.gov. If a formal plan or protocol is appropriate, the parties should: (1) consider whether their plan should be submitted to the Court as a proposed order; (2) serve early document requests pursuant to Rule 34 to facilitate their discussions about electronic discovery, or, if early document requests are impracticable, a list of the types of documents the party will seek in discovery; (3) discuss where discovery sought is stored, including storage on the party's premises, data stored by a party using third party providers (e.g., the "cloud"), storage on devices used by a party (or its employees, for example) including laptops, smart phones or other personal devices; (4) discuss whether email or other electronic communications will be sought and identify what electronic discovery tools or techniques will be applied; and (5) discuss the other topics relating to electronic discovery set forth in the Federal Rules of Civil Procedure. A plan or protocol should be clear on how the plan or protocol will operate during the course of fact discovery to satisfy a party's obligation to respond to a first and subsequent set of document requests.

The parties will further meet and confer by _____ to discuss their plan or formal protocol for electronic discovery. They agree to present any disputes regarding an electronic discovery plan and protocol to the Court by _____.

(e) Fact Discovery.

The parties should agree on their proposed plan using this form. To the extent that the parties cannot reach agreement on any particular item about scheduling or discovery, they should set forth their separate positions in their Rule 26(f) Report for discussion at the pretrial conference.

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

(1) The parties must make their initial disclosures under Fed. R. Civ. P. 26(a)(1) on or before_____. If the parties plan to disclose documents by a description by category and location of documents, they will exchange copies of initial disclosure documents on or before _____.

(2) The parties must commence fact discovery procedures in time to be completed by _____. The parties will discuss whether a date for the substantial production of documents should be set within the fact discovery period, to facilitate the taking of depositions.

(3) The parties have discussed the scope of discovery including relevance and proportionality and propose that the Court limit the use and numbers of discovery procedures as follows:

(A) _____ interrogatories;

(B) _____ document requests. The parties understand that objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). For the parties' convenience, the Rule is set forth below:

> Rule 34
>
> (b) PROCEDURE.
>
> > (2) *Responses and Objections.*
> >
> > > (B) *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production

3

*Template date February 2019*

>must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.

If the responding party producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

>(C) _____ requests for admission. The parties have discussed a protocol for the authentication of documents and agree on the following:

>(D) _____ factual depositions. The parties have discussed the geographical location for the depositions and agree on the following:

>(E) The parties have discussed the taking of depositions pursuant to Rule 30(b)(6) and present the following agreement:

The parties should consider whether they should agree on a deadline for serving 30(b)(6) notices of deposition.

>(F) The parties have discussed Rule 35 medical examinations and agree to _____. The parties must complete any physical or mental examinations under Fed. R. Civ. P. 35 by _____.

>(G) _____ other.

(f) Expert Discovery.

>(1) The parties anticipate that they **[will/will not]** require expert witnesses at the time of trial.

>>(A) The plaintiff anticipates calling _____ (number) experts in the fields of: _____.

>>(B) The defendant anticipates calling _____ (number) experts in the fields of: _____.

>>(C) The parties must meet and confer to confirm the fields (not necessarily the identity of the expert witnesses) on or before _____.

>(2) The parties propose that the Court establish the following plan for expert discovery:

4

*Template date February 2019*

The parties must discuss the particular expert needs in the case and then carefully tailor their recommended plan for disclosure of experts, service of reports and timing of depositions. Three options are provided below:

OPTION A:

(1) Initial experts.

    (i) The identity of any expert who may testify at trial regarding issues on which the party has the burden of persuasion must be disclosed on or before _____.

    (ii) The initial expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before _____.

(2) Rebuttal experts.

    (i) The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before _____.

    (ii) Any rebuttal expert's written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before _____.

(3) All expert discovery, including expert depositions, must be completed by _____. The parties must meet and confer to coordinate expert depositions. This conference should immediately follow the disclosure of the experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

(4) Each side may call up to _____ experts. Each side may take 1 deposition per expert.

OPTION B:

(1) The plaintiff anticipates calling up to ___ experts in the fields of _____. The defendant anticipates calling up to ____ experts in the fields of _____.

(2) The identity of Plaintiffs' experts must be disclosed on or before _____. (Plaintiff's initial experts)

5

(3)   The identity of Defendant's experts must be disclosed on or before _____. (Defendant's initial experts)

(4)   The initial expert written report(s) (Plaintiff's and Defendant's), completed in accordance with Fed. R. Civ. P. 26(a)(2)(B), must be served on or before _____.

(5)   The identity of any experts who may testify in rebuttal to any initial expert must be disclosed on or before _____.

(6)   Any rebuttal expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before _____.

(7)   All expert discovery, including expert depositions, must be completed by _____. The parties must meet and confer to coordinate expert depositions immediately following each disclosure of experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

(8)   Each side may call up to _____ experts. Each side may take 1 deposition per expert.

OPTION C:

(1)   Plaintiff will identify any expert who may testify at trial on behalf of Plaintiff and the initial expert written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before _____.

(2)   The identity and any expert written rebuttal reports by Defendants to Plaintiff's expert(s) must be served on or before_____.

(3)   The identity of any experts (non-rebuttal) who may testify on behalf of Defendants and any expert written report(s) completed in accordance with Fed. R. Civ. P. 26 (a)(2)(B) must be served on or before _____.

(4)   The identity and any expert written rebuttal reports by Plaintiff to Defendants' (non-rebuttal) expert(s) must be served on or before _____.

(5)   All expert discovery, including expert depositions, must be completed by _____. The parties must meet and confer to

6

coordinate expert depositions.  This conference should immediately follow the disclosure of the experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Scheduling Order.

(6) Each side may call up to _____ experts. Each side may take 1 deposition per expert.

(g) Proposed Motion Schedule.

The parties propose the following deadlines for filing motions:

(1) Motions seeking to join other parties must be filed and served by _____. The parties are aware that they must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

(2) Motions seeking to amend the pleadings must be filed and served by _____. The parties are aware that they must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

(3) **[ONLY IF APPLICABLE]** Motions seeking an amendment of the pleadings to add punitive damages must be filed and served by _____.

(4) Non-dispositive motions.

OPTION A:

All other non-dispositive motions must be filed and served by_____. The parties must meet and confer to resolve fact discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

OPTION B:

(1) All non-dispositive motions relating to fact discovery must be filed and served by _____.

(2) All other non-dispositive motions, including motions relating to expert discovery, must be filed and served by _____.

(5) Dispositive Motions.

All dispositive motions must be filed, served, and scheduled by _____.

(h) Protective Order

7

*Template date February 2019*

The parties have discussed whether they believe that a protective order is necessary to govern discovery and jointly submit a [proposed] protective order/report identifying areas of disagreement.

The parties [**may/intend**] **to** seek the entry of a protective order.

The parties will start with the form available on the Court's website under the Court Forms tab in the "Pretrial, Discovery and Trial Forms" section as a base template for their proposed protective order. http://www.mnd.uscourts.gov/local_rules/forms/Stipulation-for-Protective-Order-Form.pdf. The parties understand that they may tailor a proposed protective order to their case and will redline suggested modifications to the form.

(i) Claims of Privilege or Protection.

The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, as required by Fed. R. Civ. P. 26(f)(3)(D), including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evidence 502:

(1) Request the Court to include the following agreement in the scheduling order; or

(2) Will include their agreement in their proposed Protective Order.

(j) Trial-Ready Date.

(1) The parties agree that the case will be ready for trial on or after _____

(2) The anticipated length of the **[select one – bench or jury]** trial is _____ **days**.

(k) Insurance Carriers/Indemnitors.

List all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured.

(l) Settlement.

(1) Counsel must meet before the scheduled pretrial conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26.1 to discuss settlement. No later than three business days prior to the pretrial conference, the parties must prepare and file a joint Rule 26(f) Report in compliance with the rules. Please e-mail a copy to Magistrate Judge Thorson at thorson_chambers@mnd.uscourts.gov. In addition, the parties must send Magistrate Judge Thorson a confidential letter setting forth what settlement discussions have taken place, whether the party believes and early settlement conference would be productive and when it should

8

*Template date February 2019*

occur, and what discovery, if any, the party believes would be necessary to conduct before such a conference. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

(2) The parties propose that a settlement conference be scheduled to take place before _____.

(3) The parties have discussed whether other alternative dispute resolution will be helpful to the resolution of this case and recommend the following:

(m) Trial by Magistrate Judge.

The parties **[have/have not]** agreed to consent to jurisdiction by the Magistrate Judge under 28 U.S.C. § 636(c). (If the parties agree to consent, file the consent with the Rule 26(f) Report.)

DATE: _____       _____
                               Plaintiff's Counsel
                               License #
                               Address
                               Phone #

DATE: _____       _____
                               Defendant's Counsel
                               License #
                               Address
                               Phone #

9

*Template date February 2019*