# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| ZACH McQUEEN and FRED KRAUTKRAMER, individually and on behalf of others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Civ. No. 0:19-cv-2559 |
| | ) | |
| v. | ) | CLASS ACTION |
| | ) | |
| YAMAHA MOTOR CORPORATION, U.S.A., | ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Defendant Yamaha Motor Corporation, U.S.A.'s
Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint**

Defendant Yamaha Motor Corporation, U.S.A. ("Yamaha"), by and through its undersigned counsel, hereby answer Plaintiffs Zach McQueen and Fred Krautkramer's Second Amended Complaint and Jury Demand ("SAC") and state:

## GENERAL DENIAL

Except as otherwise expressly stated herein, Yamaha denies each and every claim, theory, and allegation asserted in the SAC, and specifically denies any liability. Pursuant to Rule 8(b)(6) of the Federal Rules of Civil Procedure, averments in the SAC to which no responsive pleading is required shall be deemed denied. Yamaha expressly reserves the right to amend and/or supplement this Answer as may be necessary.

## RESPONSE TO HEADINGS

The SAC contains several headings. The headings are not properly pleaded allegations requiring a response, and Yamaha does not adopt the characterizations set forth in those headings. To the extent any headings contain allegations requiring a response, Yamaha denies the allegations set forth therein, including but not limited to, "Yamaha's Knowledge of the Radiator Defect." *See, e.g.*, SAC at 14.

## RESPONSE TO INDIVIDUAL PARAGRAPHS

Except as expressly admitted, Yamaha denies all of the allegations contained in the SAC.

## INTRODUCTION

1.      Yamaha admits that Plaintiffs purport to bring a class action pertaining to certain Side by Side vehicles with front-mounted radiators. Yamaha denies that the lawsuit has any merit, denies that the case may proceed as a class action, and denies that Plaintiffs or any purported class members have a right to the relief sought.

2.      Yamaha denies the allegations in paragraph 2.  In addition, this Court determined the Owner's Manual's ("Manual") express warranty covers only defects of manufacturing, not design.  Dkt. 47 at 20–21.

3.      Yamaha denies the allegations in paragraph 3.  In addition, this Court determined the Manual's express warranty covers only defects of manufacturing, not design.  Dkt. 47 at 20–21.  And the Court further held there was no actionable omission by Yamaha.  *Id.* at 11–13.

4.      Yamaha admits that the allegations in paragraph 4 accurately quote the language of the document cited in footnote 2.

5.      Yamaha denies the allegations in paragraph 5.  In addition, the Court held there was no actionable concealment by Yamaha.  Dkt. 47 at 11–13.

6.      Yamaha denies the allegations in paragraph 6.

7.      Yamaha denies the allegations in paragraph 7.

8.      Yamaha admits it has not recalled the Class Vehicles, as there is no basis on which to do so.  Yamaha otherwise denies the allegations in paragraph 8.

9.      The allegations in paragraph 9 state legal conclusions to which no response is required.  In addition, the Court dismissed Plaintiffs' fraud claims.  Dkt. 47 at 29–30. To the extent paragraph 9 contains allegations requiring a response, Yamaha denies the allegations.

10.     Yamaha denies the allegations in paragraph 10.

11.     Yamaha denies the allegations in paragraph 11.

12.     Yamaha admits that Plaintiffs have brought an action seeking recovery as a result of certain alleged violations. Yamaha denies that the lawsuit has any merit, and denies that Plaintiffs or any purported class members have a right to the relief sought.

## JURISDICTION AND VENUE

13.    The allegations in paragraph 13 state legal conclusions to which no response is required.  To the extent paragraph 13 contains allegations requiring a response, Yamaha does not deny that this Court has subject matter jurisdiction.

14.    The allegations in paragraph 14 state legal conclusions to which no response is required.  To the extent paragraph 14 contains allegations requiring a response, Yamaha denies the allegations.

15.    The allegations in paragraph 15 state legal conclusions to which no response is required.  To the extent paragraph 15 contains allegations requiring a response, Yamaha denies the allegations.

## THE PARTIES

### Plaintiff Zach McQueen

16.    Yamaha lacks knowledge or information sufficient to form a belief as to Plaintiff's residence.

17.    Yamaha lacks knowledge or information sufficient to form a belief as to Plaintiff's purchase of the Side by Side, or the materials he allegedly reviewed beforehand.  Yamaha otherwise denies the allegations in paragraph 17.

18.    Yamaha lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 18.

19.    Yamaha lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 19.

20.    Yamaha lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 20.

4

21.     Yamaha lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 21.

22.     Yamaha lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 22.

23.     To the extent paragraph 23 contains legal conclusions, no response is required.  To the extent paragraph 23 contains allegations that require a response, Yamaha denies that McQueen purchased an extended service contract and states that the extended service contract relating to McQueen's vehicle expires in 2022.

24.     To the extent paragraph 24 contains legal conclusions, no response is required.  Yamaha otherwise denies the allegations.  In addition, this Court already dismissed Plaintiffs' omission-based fraud claims.  Dkt. 47 at 29–30.

25.     To the extent paragraph 25 contains legal conclusions, no response is required.  Yamaha otherwise denies the allegations.

**Plaintiff Fred Krautkramer**

26.     Yamaha lacks knowledge or information sufficient to form a belief as to Plaintiff's residence.

27.     Yamaha lacks knowledge or information sufficient to form a belief as to Plaintiff's purchase of the Side by Side, or the materials he allegedly reviewed beforehand.  Yamaha otherwise denies the allegations in paragraph 27.  In addition, this Court already dismissed Plaintiffs' omission-based fraud claims.  Dkt. 47 at 29–30.

28.     Yamaha lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 28.

29.     Yamaha lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 29.

30.     Yamaha lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 30.

31.     Yamaha lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 31.

32.     Yamaha lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 32.

33.     Yamaha lacks knowledge or information sufficient to form a belief as to the allegation in paragraph 33.

34.     Yamaha admits that Krautkramer contacted Yamaha in July and August 2019.  Yamaha further admits that a Yamaha customer service representative attempted to call Krautkramer back, leaving a voice message.  Yamaha otherwise denies the allegations in paragraph 34.

35.     To the extent paragraph 35 contains legal conclusions, no response is required.  To the extent a response is required, Yamaha lacks knowledge or information sufficient to form a belief as to the allegations.

36.     To the extent paragraph 36 contains legal conclusions, no response is required.  Yamaha otherwise denies the allegations.  In addition, this Court already dismissed Plaintiffs' omission-based fraud claims.  Dkt. 47 at 29–30.

37.     To the extent paragraph 37 contains legal conclusions, no response is required.  Yamaha otherwise denies the allegations.  In addition, this Court already dismissed Plaintiffs' omission-based fraud claims.  Dkt. 47 at 29–30.

**Defendant**

38.     Yamaha admits that to the extent the allegations in paragraph 38 accurately reflect the contents of Yamaha's Motorsports Dealer Prospect Site webpage, such statements exist.

39.     Yamaha admits that it transacts business in the United States.  Yamaha further admits that it distributes and services products, including the Class Vehicles. Yamaha denies that it designs or manufactures such products.

40.     Yamaha admits that it is incorporated in the state of California.  Yamaha denies that its principal place of business is located at 1270 Chastain Road in Kennesaw, Georgia.

41.     Yamaha denies the allegations in paragraph 41.

42.     Yamaha denies the allegations in paragraph 42.

43.     Yamaha denies the allegations in paragraph 43.

44.     To the extent paragraph 44 contains legal conclusions, no response is required.  To the extent a response is required, Yamaha denies the allegations in 44.

## TOLLING OF STATUTES OF LIMITATION

45.     To the extent paragraph 45 contains legal conclusions, no response is required.  To the extent a response is required, Yamaha denies the allegations. Additionally, this Court already dismissed Plaintiffs' omission-based fraud claims.  Dkt. 47 at 29–30.

46.     To the extent paragraph 46 contains legal conclusions, no response is required.  To the extent a response is required, Yamaha denies the allegations. Additionally, this Court already dismissed Plaintiffs' omission-based fraud claims.  Dkt. 47 at 29–30.

## FACTUAL ALLEGATIONS

A.     **The Radiator Defect within the Class Vehicles**

47.     Yamaha denies the allegation in paragraph 47.

48.     Yamaha denies the allegations in paragraph 48.

49.     Yamaha admits the allegations in paragraph 49, with the exception of the generalized last sentence about what "is a critical component in most cooling systems," which it denies.

50.     Yamaha admits that the radiators are intended to cool the Class Vehicles' engine.  Yamaha otherwise denies the allegations in paragraph 50.

51.     Yamaha denies the allegations in paragraph 51.

52.     Yamaha lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 52.  Yamaha denies Plaintiffs' allegation regarding the Radiator Defect.

53.     Yamaha denies the allegations in paragraph 53.

B.     **Yamaha's Knowledge of the Radiator Defect**

54.     Yamaha denies the allegations in paragraph 54.

55.     Yamaha admits that the quotation to the material cited in footnote 5 is accurate.  Yamaha otherwise denies the allegations in paragraph 55.

56.     Yamaha admits that the quotation to the material cited in footnote 6 is accurate.  Yamaha otherwise denies the allegations in paragraph 56.

57.     Yamaha admits that the allegations accurately quote the contents of the referenced press release.  Yamaha otherwise denies the allegations in paragraph 57.

58.     Yamaha admits that the allegations accurately reflect the contents of the Owner's Manual ("Manual").  The Court recognized this in its order regarding Yamaha's

motion to dismiss.  Dkt. 47 at 11.  Yamaha otherwise denies the allegations in paragraph 58.

59.     Yamaha denies the allegations in paragraph 59.  In addition, this Court determined the Manual's express warranty covers only defects of manufacturing, not design.  Dkt. 47 at 20–21.

60.     To the extent paragraph 60 contains legal conclusions, no response is required.  To the extent a response is required, Yamaha denies the allegations in paragraph 60.  In addition, this Court already dismissed Plaintiffs' omission-based fraud claims.  Dkt. 47 at 29–30.

61.     To the extent paragraph 61 contains legal conclusions, no response is required.  To the extent a response is required, Yamaha denies the allegations in paragraph 61.

62.     Yamaha denies the allegations in paragraph 62.

63.     To the extent paragraph 63 contains legal conclusions, no response is required.  To the extent a response is required, Yamaha denies the allegations in paragraph 63.

64.     Yamaha denies the allegations in paragraph 64.

65.     To the extent paragraph 65 contains legal conclusions, no response is required.  To the extent a response is required, Yamaha admits that the Manual warrants against "defects in material and workmanship" for six months, except for the 30-day battery warranty.  Yamaha otherwise denies the allegations in paragraph 65.

66.     To the extent paragraph 66 contains legal conclusions, no response is required.  To the extent a response is required, Yamaha denies the allegations.  In

addition, this Court already dismissed Plaintiffs' omission-based fraud claims, finding no actionable omission.  Dkt. 47 at 11–12, 29–30.

**C.**     **Complaints by Other Class Members**

67.     Yamaha denies the allegations in paragraph 67.

68.     Yamaha admits that to the extent the allegations accurately reflect the contents of the referenced Internet posts, such statements exist.  Yamaha otherwise denies the allegations in paragraph 68.

69.     Yamaha admits that paragraph 69 accurately quotes the UTVScene website. Yamaha otherwise denies the allegations in paragraph 69.

70.     Yamaha admits that the allegations accurately reflect the contents of the referenced advertising material regarding radiator relocation kits.  Yamaha otherwise denies the allegations in paragraph 70.

## CLASS ACTION ALLEGATIONS

71.     Yamaha admits that Plaintiffs purport to bring a class action on behalf of a Nationwide Class.  Yamaha otherwise denies the assertion that the case may proceed as a class action.

72.     Yamaha admits that Plaintiffs alternatively purport to bring a class action on behalf of a Indiana and Minnesota classes.  Yamaha otherwise denies the assertion that the case may proceed as a class action.

73.     Paragraph 73 includes allegations to which no response is required.  To the extent a response is required, Yamaha denies the allegations in paragraph 73, except admits that Plaintiffs purport to exclude certain individuals and groups from any class definition.  Yamaha specifically denies that certification of any class is proper.

74.     To the extent paragraph 74 contains legal conclusions, no response is required.  To the extent paragraph 74 contains allegations requiring a response, Yamaha denies the allegations and specifically denies that certification of any class is proper.

75.     To the extent paragraph 75 contains legal conclusions, no response is required.  To the extent paragraph 75 contains allegations requiring a response, Yamaha denies the allegations and specifically denies that certification of any class is proper.

76.     To the extent paragraph 76 contains legal conclusions, no response is required.  To the extent paragraph 76 contains allegations requiring a response, Yamaha denies the allegations and specifically denies that certification of any class is proper.

77.     To the extent paragraph 77 contains legal conclusions, no response is required.  To the extent paragraph 77 contains allegations requiring a response, Yamaha denies the allegations and specifically denies that certification of any class is proper.

78.     To the extent paragraph 78 contains legal conclusions, no response is required.  To the extent paragraph 78 contains allegations requiring a response, Yamaha denies the allegations and specifically denies that certification of any class is proper.

79.     To the extent paragraph 79 contains legal conclusions, no response is required.  To the extent paragraph 79 contains allegations requiring a response, Yamaha denies the allegations.

## VIOLATIONS ALLEGED

## COUNT I

**VIOLATION OF THE INDIANA DECEPTIVE CONSUMER SALES ACT**

**(Ind. Code §§ 24-5-0.5-1, *et seq.*)**

**(On Behalf of the Indiana Class)**

80.     Yamaha repeats its responses to the above paragraphs as if fully set forth herein.

81.     Yamaha admits that paragraph 81 quotes the Indiana Deceptive Consumer Sales Act.   Otherwise, to the extent paragraph 79 contains legal conclusions, no response is required.

82.     To the extent paragraph 82 contains legal conclusions, no response is required.  To the extent paragraph 82 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Count I.  Dkt. 47 at 29.

83.     To the extent paragraph 82 contains legal conclusions, no response is required.  To the extent paragraph 82 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 15, 29.

84.     Yamaha denies the allegations in paragraph 84.  In addition, the Court dismissed Count I.  Dkt. 47 at 29.

85.     To the extent paragraph 85 contains legal conclusions, no response is required.  To the extent paragraph 85 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 15, 29.

86.     To the extent paragraph 86 contains legal conclusions, no response is required.  To the extent paragraph 86 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 15, 29.

87.     To the extent paragraph 87 contains legal conclusions, no response is required.  To the extent paragraph 87 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 15, 29.

88.     To the extent paragraph 88 contains legal conclusions, no response is required.  To the extent paragraph 88 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 15, 29.

89.     To the extent paragraph 89 contains legal conclusions, no response is required.  To the extent paragraph 89 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 15, 29.

90.     To the extent paragraph 90 contains legal conclusions, no response is required.  To the extent paragraph 90 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 15, 29.

91.     To the extent paragraph 91 contains legal conclusions, no response is required.  To the extent paragraph 91 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 15, 29.

92.     Yamaha admits that Plaintiffs seek actual damages, treble damages, attorneys' fees, and any other just and proper relief as provided under the Indiana Deceptive Consumer Sales Act.  Yamaha denies that Plaintiffs or putative class members are entitled to such relief.

## COUNT II

## VIOLATION OF MINNESOTA PREVENTION OF CONSUMER FRAUD ACT

### (Minn. Stat. § 325F.68-70)

### (On Behalf of the Minnesota Class)

93.     Yamaha repeats its responses to the above paragraphs as if fully set forth herein.

94.     The allegations in paragraph 94 state legal conclusions to which no response is required.

95.     Yamaha admits that paragraph 95 quotes the Minnesota Prevention of Consumer Fraud Act.

96.     To the extent paragraph 96 contains legal conclusions, no response is required.  To the extent paragraph 96 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 17–18, 30.

97.     Yamaha denies the allegations in paragraph 97.  In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 17–18, 30.

98.     To the extent paragraph 96 contains legal conclusions, no response is required.  To the extent paragraph 96 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 17–18, 30.

99.     Yamaha denies the allegations in paragraph 99.  In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 17–18, 30.

100.     To the extent paragraph 100 contains legal conclusions, no response is required.  To the extent paragraph 100 contains allegations requiring a response, Yamaha denies the allegations and/or Yamaha lacks knowledge or information sufficient to form a belief as to Plaintiff Krautkramer's actual reliance.  In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 17–18, 30.

101.     To the extent paragraph 101 contains legal conclusions, no response is required.  To the extent paragraph 101 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 17–18, 30.

102.     The allegations in paragraph 102 state legal conclusions to which no response is required.

103.     Yamaha admits that Plaintiffs seek actual damages, attorneys' fees, and any other just and proper relief as provided under the MPCFA.  Otherwise, to the extent paragraph 103 contains legal conclusions, no response is required.  To the extent paragraph 103 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 17–18, 30.

## COUNT III

### BREACH OF EXPRESS WARRANTY

### (On Behalf of the Nationwide Class and Indiana and Minnesota Classes)

104.     Yamaha repeats its responses to the above paragraphs as if fully set forth herein.

105.    Yamaha admits that the Manual provided an express limited warranty against defects in material and workmanship.  Otherwise, Yamaha denies the allegations in paragraph 105.

106.    To the extent paragraph 106 contains legal conclusions, no response is required.  To the extent paragraph 106 contains allegations requiring a response, Yamaha denies the allegations.

107.    To the extent paragraph 107 contains legal conclusions, no response is required.  To the extent paragraph 107 contains allegations requiring a response, Yamaha denies the allegations.

108.    To the extent paragraph 108 contains legal conclusions, no response is required.  To the extent paragraph 108 contains allegations requiring a response, Yamaha denies the allegations.

109.    To the extent paragraph 109 contains legal conclusions, no response is required.  To the extent paragraph 109 contains allegations requiring a response, Yamaha denies the allegations.

110.    To the extent paragraph 110 contains legal conclusions, no response is required.  To the extent paragraph 110 contains allegations requiring a response, Yamaha denies the allegations.

## COUNT IV

## BREACH OF IMPLIED WARRANTY

### (On Behalf of the Nationwide Class and Indiana and Minnesota Classes)

111.    Yamaha repeats its responses to the above paragraphs as if fully set forth herein.

112.    The allegation in paragraph 112 states legal conclusions to which no response is required.

113.    To the extent paragraph 113 contains legal conclusions, no response is required.  To the extent paragraph 113 contains allegations requiring a response, Yamaha denies the allegations.

114.    Yamaha denies the allegations in paragraph 114.

115.    To the extent paragraph 115 contains legal conclusions, no response is required.  To the extent paragraph 115 contains allegations requiring a response, Yamaha denies the allegations.

## COUNT V

## COMMON LAW FRAUD

**(On Behalf of the Nationwide Class and Indiana and Minnesota Classes)**

116.    Yamaha repeats its responses to the above paragraphs as if fully set forth herein.

117.    To the extent paragraph 117 contains legal conclusions, no response is required.  To the extent paragraph 117 contains allegations requiring a response, Yamaha denies the allegations. In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 30.  The Court also, at least impliedly, determined the alleged design defect was not actionable.  *Id.* at 20.

118.    Yamaha denies the allegations in paragraph 118.  In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 30.

119.    To the extent paragraph 119 contains legal conclusions, no response is required.  To the extent paragraph 119 contains allegations requiring a response, Yamaha denies the allegations and lacks knowledge or information sufficient to form a belief as to

Plaintiffs' actual reliance.  In addition, the Court dismissed Plaintiffs' fraud-based omission claims.  Dkt. 47 at 11–12, 30.

## COUNT VI

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

### (On Behalf of the Indiana and Minnesota Classes)

120.    Yamaha repeats its responses to the above paragraphs as if fully set forth herein.

121.    The allegations in paragraph 121 state legal conclusions to which no response is required.

122.    To the extent paragraph 122 contains legal conclusions, no response is required.  To the extent paragraph 122 contains allegations requiring a response, Yamaha denies the allegations.  In addition, Plaintiffs abandoned this claim, Dkt. 35 at 1 n.1, and the Court dismissed it, Dkt. 47 at 30.

123.    To the extent paragraph 123 contains legal conclusions, no response is required.  To the extent paragraph 123 contains allegations requiring a response, Yamaha denies the allegations.  In addition, Plaintiffs abandoned this claim, Dkt. 35 at 1 n.1, and the Court dismissed it, Dkt. 47 at 30.

## COUNT VII

### UNJUST ENRICHMENT

### (On Behalf of the Nationwide Class and Indiana and Minnesota Classes)

124.    Yamaha repeats its responses to the above paragraphs as if fully set forth herein.

125.    To the extent paragraph 125 contains legal conclusions, no response is required.  To the extent paragraph 125 contains allegations requiring a response, Yamaha denies the allegations.

126.    To the extent paragraph 126 contains legal conclusions, no response is required.  To the extent paragraph 126 contains allegations requiring a response, Yamaha denies the allegations.

127.    To the extent paragraph 127 contains legal conclusions, no response is required.  To the extent paragraph 127 contains allegations requiring a response, Yamaha denies the allegations.

## PRAYER FOR RELIEF

Yamaha denies the allegations in Plaintiffs' Prayer for Relief and further denies that Plaintiffs have any basis for judgment against Yamaha or are entitled to the relief requested or any other relief.

## JURY DEMAND

Defendant demands a trial by jury for all claims so triable.

## AFFIRMATIVE DEFENSES

Without assuming the burden to prove that which properly falls on Plaintiffs, Defendant pleads the following separate and additional defenses.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Denial of Allegations & Reservation of Rights)

Defendant denies all allegations not expressly admitted and specifically reserves all affirmative or other defenses that it may have against Plaintiffs and the putative classes.  It is not necessary at this time for Defendant to delineate such defenses against

the putative classes because no class or classes have been certified, and the putative class members are not parties to this litigation.

## SECOND SEPARATE AND ADDITIONAL DEFENSE

### (Failure to State a Claim)

Plaintiffs' SAC, and each and every purported cause of action remaining after the Court's order on Yamaha's motion to dismiss the SAC, fails to state a claim upon which relief can be granted.

## THIRD SEPARATE AND ADDITIONAL DEFENSE

### (Estoppel & Waiver)

The claims of Plaintiffs and any members of the putative classes are barred, in whole or in part, by their own conduct, actions, and inactions, which constitute estoppel and/or waiver of all claims and relief sought.

## FOURTH SEPARATE AND ADDITIONAL DEFENSE

### (Unclean Hands)

The claims of Plaintiffs and any members of the putative classes are barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH SEPARATE AND ADDITIONAL DEFENSE

### (Standing)

Plaintiffs lack standing to bring the claims at issue because, among other reasons, Plaintiffs did not suffer any injury-in-fact that was concrete and particularized, and actual or imminent.  Plaintiffs also have no standing to serve as adequate class representatives.

## SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Speculative Harm)

Plaintiffs' claims are barred, in whole or in part, because the damages sought by Plaintiffs and the putative class members are speculative, remote, and/or impossible to ascertain.

## SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Statute of Limitations)

To the extent the claims of any members of the putative class arose prior to the applicable prescriptive or statutory period, those claims are barred, in whole or in part, by the statute of limitations.

## EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Declaratory Relief)

Plaintiffs' claims for declaratory relief are barred to the extent there is, or Plaintiffs' assert that there is, an adequate remedy at law.

## NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Injunctive or Equitable Relief)

Without admitting any liability whatsoever and without admitting that Plaintiffs or any members of the putative classes have suffered any loss or damage, the injuries alleged in the SAC provide no basis for injunctive and/or equitable relief.

## TENTH SEPARATE AND ADDITIONAL DEFENSE

### (Compliance with Applicable Law)

Any recovery on Plaintiffs' SAC, or any cause of action contained therein, may be barred by Yamaha's compliance or substantial compliance with all applicable laws underlying Plaintiffs' claims.

## ELEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Good Faith)

Yamaha alleges that that it acted in good faith reliance upon the reasonable interpretation of applicable law.

## TWELFTH SEPARATE AND ADDITIONAL DEFENSE

### (Accord and Satisfaction)

Yamaha alleges there was an accord and satisfaction, as Plaintiffs actively chose to purchase older-model Side by Sides with front-mounted radiators, even though newer-model Side by Sides came with rear-mounted radiators, and Plaintiffs received the Side by Sides they decided to purchase.

## THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Class Treatment)

Plaintiffs may not maintain this lawsuit as a class action because the purported claims of the putative class representatives are not sufficiently typical of those of the purported class members, common issues of fact and law do not predominate over individual issues and liability and damages cannot be proven on a class-wide basis, the putative class representatives will not adequately represent the putative classes, the putative classes are not ascertainable, and a class action is not a superior method for adjudicating the purported claims set forth in Plaintiffs' SAC.

## FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Rules Enabling Act)

Plaintiffs may not maintain this lawsuit as a class action because doing so would deprive Yamaha of its right to assert individualized defenses against putative class

members' claims in violation of the Rules Enabling Act, which provides that the Federal Rules shall not modify or abridge any substantive right of a litigant.

## FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Jury Trial)

As a matter of constitutional right and substantive due process, Defendant would be entitled to contest by jury trial its liability to any particular individual Plaintiff, even if the representatives of the purported classes prevail on their claims.  Trying this case as a class action would violate the United States Constitution, and any and all analogous provisions contained in the constitutions of the various jurisdictions which Plaintiffs seeks to place in issue.

## SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Design Defects Not Covered)

Plaintiffs and the putative classes' breach of express warranty claims are barred because the Owner's Manual's Express Warranty does not cover the alleged design defect at issue here.

## SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (No Defect)

Plaintiffs and the putative classes' breach of express warranty claims are barred because the class vehicles had no defect.

## EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Disclaimer)

Plaintiffs and putative classes' breach of warranty claims as to non-Manual express warranties and any implied warranty are barred because Yamaha disclaimed any such warranties.

## NINETEENTH SEPARATE AND ADDITIONAL DEFENSE

### (Whether Disclaimer is Conscionable)

To the extent Plaintiffs and putative classes' breach of warranty claims are on Yamaha's disclaimer of extra-Manual express warranties and implied warranties being deemed unconscionable, those claims are barred because the disclaimer was proper.

## TWENTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Privity)

Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Defendant is not in privity with Plaintiffs or the putative class members.

## TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Particularity)

To the extent Plaintiffs attempt to re-plead their dismissed fraud claims, Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, for failure to plead fraud with the requisite particularity required under Rule 9(b) of the Federal Rules of Civil Procedure.

### TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE

**(Knowledge)**

To the extent Plaintiffs attempt to re-plead their dismissed fraud claims, Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because Yamaha lacks any knowledge that the representations and/or omissions alleged by Plaintiffs were or are false, deceptive, or misleading.

### TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE

**(Reliance)**

To the extent Plaintiffs attempt to re-plead their dismissed fraud claims, Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, for lack of reasonable reliance.

### TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE

**(Disclosure)**

To the extent Plaintiffs attempt to re-plead their dismissed fraud claims, Plaintiffs' claims and the claims of the putative class members are barred, in whole or in part, because the information allegedly concealed is not the kind of information that requires disclosure under the causes of action alleged.

### TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE

**(Means of Knowing Truth)**

Plaintiffs and the putative class members' claims are barred, in whole or in part, because Plaintiffs and the putative class members had the means of knowing the truth concerning Defendant's vehicles.

## TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE

### (Due Process)

Any finding of liability would violate the Due Process Clauses of the Fourteenth Amendment to the United States Constitution, and any and all analogous provisions contained in the constitutions of the various jurisdictions which Plaintiffs seek to place in issue, because the standards of liability are unduly vague and subjective, and permit retroactive, random, arbitrary, and capricious punishment.

## TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE

### (Mitigation)

Plaintiffs and the putative class members have failed to mitigate their damages, if any, and any recovery should be reduced or denied accordingly.

## TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE

### (Punitive Damages)

To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendant, any award of punitive damages is barred under the relevant law.  An award of punitive damages would also, if granted, violate Defendant's state and federal constitutional rights.

## TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE

### (Attorneys' Fees)

Plaintiffs and the putative class members' request for attorneys' fees in this matter is barred because it lacks any basis in law or contract.

## THIRTIETH SEPARATE AND ADDITIONAL DEFENSE

### (Unjust Enrichment)

Plaintiffs and any members of the putative class are barred from relief, in whole or in part, to the extent that it results in an unjust enrichment to Plaintiffs, any members of the putative class, and/or any person on whose behalf relief is sought.

## THIRTY-FIRST SEPARATE AND ADDITIONAL DEFENSE

### (Reservation of Rights)

Defendant has insufficient knowledge or information upon which to form a basis as to whether it may have additional, as yet unstated, separate defenses available. Defendant has not knowingly or intentionally waived any applicable affirmative defenses and reserves the right to raise additional affirmative defenses as they become known to it through discovery in this matter. Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that it determines are not applicable during the course of subsequent discovery.

### PRAYER

WHEREFORE, DEFENDANT prays for the following relief:

A. That judgment on the SAC, and on each cause of action against Defendant, be entered in favor of Defendant;

B. That this Court finds that this suit cannot be maintained as a class action;

C. That Plaintiffs and the members of the putative class take nothing by Plaintiffs' SAC;

D. That the request for injunctive and/or declaratory relief be denied;

E. That Defendant be awarded its costs incurred, including reasonable attorneys' fees; and

F.  For such other and/or further relief as this Court may deem just and proper.


Dated:  October 5, 2020

**GIBSON, DUNN & CRUTCHER LLP**

By:  /s/ *Theane Evangelis*

Theane Evangelis (*pro hac vice*)
tevangelis@gibsondunn.com
Timothy W. Loose  (*pro hac vice*)
tloose@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

**MASLON LLP**
Bryan R. Freeman (MN #0387154)
bryan.freeman@maslon.com
Thomas R. Pack (MN #0398897)
thomas.pack@maslon.com
3300 Wells Fargo Center
90 South Seventh Street
Suite 3300
Minneapolis, MN 55402
Telephone: (612) 672-8344
Facsimile: (612) 642-8344

*Attorneys for Defendant*
*Yamaha Motor Corporation, U.S.A.*