# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Zach McQueen, and Fred Krautkramer, individually and on behalf of all other similarly situated, | Civ. No. 19-2559 (DWF/BRT) |
| Plaintiffs, | |
| v. | **AMENDED PRETRIAL SCHEDULING ORDER** |
| Yamaha Motor Corporation, U.S.A., | |
| Defendant. | |

This case was filed on September 19, 2019. (Doc. No. 1.) An Amended Complaint was filed on October 29, 2019. (Doc. No. 8.) A Second Amended Complaint was filed on January 15, 2020. (Doc. No. 21.) Defendant filed a Motion to Dismiss the Second Amended Complaint on February 14, 2020. (Doc. No. 26.) The Court heard the Motion to Dismiss on June 26, 2020. (Doc. No. 43.) The Motion to Dismiss was decided on September 21, 2020. (Doc. No. 47.) Pursuant to the Pretrial Scheduling Order, the parties conferred and submitted proposed amendments to the Pretrial Scheduling Order. (Doc. No. 51.) A status conference was held on October 13, 2020. (Doc. No. 52.) The parties were given time to provide additional proposals following the status conference.

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy, and inexpensive determination of this action, the following amended schedule will govern these proceedings unless modified by this Court's order. This Amended Pretrial Scheduling Order has been tailored to the

needs of the case with the input of the parties. The parties and their counsel must diligently work to meet all the deadlines and obligations set forth in the Order.

## STIPULATED PROPOSALS TO AMEND THE SCHEDULING ORDER

If the parties agree on proposals to amend this Amended Pretrial Scheduling Order, a formal motion is not necessary; however, any stipulation to support a proposed amendment must show good cause and explain how the requirements of Local Rule 16.3 are satisfied. Agreement between the parties is not sufficient. If any proposed amended deadlines have already expired, any stipulation must also address the requirements of Local Rule 16.3(d). Stipulated proposals must be filed, and the parties must submit a proposed order in Word format to chambers at thorson_chambers@mnd.uscourts.gov.

## MODIFICATION OF A SCHEDULING ORDER, IF OPPOSED

If any portion of a proposed amended scheduling order is opposed, a motion to modify the Amended Pretrial Scheduling Order must be made in accordance with Local Rule 16.3.

## PRESERVATION OF DOCUMENTS AND ELECTRONIC DISCOVERY

It is unclear from the parties' Rule 26(f) Report whether they have had a sufficiently meaningful discussion about the scope of electronic discovery, including relevance and proportionality, and any issues about preserving electronic discovery. The parties must have a discussion no later than **July 24, 2020** to discuss the scope of discovery and the documents that will be sought or produced if the Motion to Dismiss is denied.

2

If there are any issues regarding preservation of documents, those issues must be promptly brought to the Court's attention by filing a letter no later than **July 27, 2020**.

Within **14 days** after the Court's decision on the Motion to Dismiss, the parties must further discuss a plan and protocol for any electronic discovery and file a letter via CM/ECF regarding any disputes within **14 days** after the Court's decision on the Motion to Dismiss. The parties are advised that an e-Discovery Guide is available on the Court's website http://www.mnd.uscourts.gov.[1] This deadline has passed.

## STATUS CONFERENCE

A telephone status conference will be held on **March 9, 2021, at 9:00 a.m.** Chambers will provide call-in instructions.

## DEADLINES FOR INITIAL DISCLOSURES AND FACT DISCOVERY

1. Pursuant to the original Pretrial Scheduling Order, the parties were required to make their initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than **14 days** after the Court's decision on the Motion to Dismiss—or no later than **October 6, 2020**. The parties met this deadline.

---

[1]   If a formal plan or protocol is appropriate, the parties should: (1) consider whether their plan should be submitted to the Court as a proposed order; (2) serve early document requests pursuant to Rule 34 to facilitate their discussions about electronic discovery, or, if early document requests are impracticable, serve a list of the types of documents the party will seek in discovery; (3) discuss where discovery sought is stored, including storage on the party's premises, data stored by a party using third-party providers (e.g., the "cloud"), storage on devices used by a party (or its employees, for example) including laptops, smart phones, or other personal devices; (4) discuss whether email or other electronic communications will be sought and identify what electronic discovery tools or techniques will be applied; and (5) discuss the other topics relating to electronic discovery set forth in the Federal Rules of Civil Procedure. A plan or protocol should be clear on how the plan or protocol will operate during the course of fact discovery to satisfy a party's obligation to respond to a first and subsequent set of document requests.

2.   If a description by category and location of the documents is offered pursuant to Rule 26(a)(1)(A)(ii), the party must provide a copy of their initial disclosure documents no later than **December 1, 2020**, to the extent they are in that party's possession and control.

3.   The parties must commence fact discovery procedures in time to be completed on or before **August 2, 2021**. Document discovery procedures, including documents sought through Rule 45 subpoenas, must be commenced in time for document production to be substantially complete **by May 14, 2021**.[2]

## ADDITIONAL DISCOVERY LIMITATIONS

The following discovery limitations apply:

1.   No more than a total of 25 interrogatories, counted in accordance with Fed. R. Civ. P. 33(a), shall be served by either side.

2.   No more than 40 document requests shall be served by each side. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B). If the responding party is producing copies of documents or copies of electronically stored information and the copies are not produced with the responses, another reasonable time must be specified in the response. If the requesting party disagrees that this is reasonable, the parties must meet and confer to agree on the timetable for production.

3.   No more than 30 requests for admissions shall be served by each side.

4.   No more than 10 factual depositions, excluding expert witness depositions, shall be taken by each side.

5.   The parties have discussed the procedures for noticing and taking Rule 30(b)(6) depositions and agree to the following: Plaintiffs intend to take a 30(b)(6) deposition of Yamaha. Plaintiffs must serve any notices for Rule 30(b)(6) deposition notices with topics no later than 90 days from the date of this Order so that the parties can meet and confer regarding the topics and designee well in advance of the deposition.

---

[2]   This Scheduling Order may permit discovery after other deadlines have passed. As just one example, a motion to amend deadline may expire during the discovery period and discovery necessary to meet the deadline must be diligently pursued prior to the expiration of the motion to amend deadline.

## DEADLINES FOR EXPERT DISCOVERY

1.    Unless otherwise ordered, each side may call up to **3 experts**. Each side may take 1 deposition per expert. Counsel for the parties must meet and confer to discuss their anticipated experts and fields no later than **June 1, 2021**. This requirement is intended to avoid surprises and to allow each side to retain and work with experts efficiently. This early deadline also provides the parties time to request any amendment of the scheduling order regarding the sequencing of expert disclosures. Any proposed amendment to the DEADLINES FOR EXPERT DISCOVERY section must be submitted pursuant to the procedures set forth in the Pretrial Scheduling Order no later than **June 7, 2021**.

2.    Plaintiffs' Experts

    i.    The identity of any experts who may testify at trial for the Plaintiffs must be disclosed on or before **June 1, 2021**.

    ii.    The plaintiffs' expert written report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **August 9, 2021**.

3.    Defendant's Experts

    i.    The identity of any experts who may testify for the defendants must be disclosed on or before **August 16, 2021**.

    ii.    Any defense expert's written report(s) completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) must be served on or before **October 8, 2021**.

4.    Plaintiffs' Rebuttal experts

    i.    The identity of any experts who the plaintiff may call to testify at trial, limited to the rebuttal of new issues raised affirmatively in any defendants' expert reports must be disclosed on or before **October 15, 2021**.

    ii.    Any report completed in accordance with Fed. R. Civ. P. 26(a)(2)(B) of an expert who the plaintiff may call to testify at trial, limited to the rebuttal of new issues raised affirmatively in any defendants' expert report must be served on or before **November 8, 2021**.

5.      All expert discovery, including expert depositions, must be completed by **December 1, 2021**. The parties must meet and confer to coordinate expert depositions immediately following each **disclosure** of experts so that all expert depositions can be coordinated and completed on time. The parties must inform their experts about the deadlines for expert disclosures and depositions in this Amended Pretrial Scheduling Order.

## PRIVILEGE LOG

Privilege logs must be provided by the producing party within 14 days of the

production from which documents are withheld.

## NON-DISPOSITIVE MOTION DEADLINES

1.      Motions seeking to join other parties must be filed and served no later than **January 4, 2021**. In their 26(f) Report, the parties stated that they are aware that the parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline.

2.      Motions seeking to amend the pleadings must be filed and served no later **January 4, 2021**. In their 26(f) Report, the parties stated that they are aware that the parties must diligently pursue any investigation or discovery using the appropriate discovery tools available to meet this deadline

3.      Motions seeking an amendment of the pleadings to add a claim for punitive damages must be filed, served, **AND HEARD** by **August 2, 2021**.

4.      Other non-dispositive motions.

   a)      All non-dispositive motions relating to fact discovery must be filed and served by **August 3, 2021**.

   b)      The Court will defer setting a deadline for all other non-dispositive motions, including motions relating to expert discovery, until after the Court's decision on the Motion to Dismiss and after the post-decision status conference.

   c)      The parties must meet and confer to resolve discovery disputes when they arise, and if unresolved, bring discovery disputes promptly to the Court's attention.

## NON-DISPOSITIVE MOTIONS

If a non-dispositive motion is filed, it must comply with the Electronic Case Filing Procedures for the District of Minnesota, Local Rules 7.1, and for discovery motions, also be in the form prescribed by Local Rule 37.1.

The "Meet and Confer" requirement must include attempts to meet and confer through personal contact, rather than solely through correspondence.

All non-dispositive motions must be scheduled for hearing by calling **Melissa Kruger**, Courtroom Deputy/Judicial Assistant to Magistrate Judge Thorson, at 651-848-1210, prior to filing. Even if the parties agree that a motion can be submitted on the papers without oral argument, Ms. Kruger must be contacted to set the date for submission of the matter to the Court. When there is no oral argument, the matter will be deemed submitted upon receipt of the last filing. The Court will determine whether to hold a hearing.

Ideally, if the parties are not able to resolve their dispute following their meet and confer and motion practice is necessary, the parties should jointly contact the Court to obtain a hearing date that works for both sides.

Once the moving party has secured a hearing date, it must promptly serve and file the **notice of hearing** informing all parties of the nature of the motion and the date, time and location of the hearing. The moving party may serve and file the motion and remaining motion papers no later than 14 days before the hearing date, unless a different briefing schedule is set. A party may not call chambers and secure a hearing date or "hold" a hearing date without that party promptly serving and filing a notice of hearing.

7

Counsel may not notice additional motions for hearing on an already existing hearing date without first contacting the Court for permission.

## DISCOVERY DISPUTES (NOT INVOLVING THIRD PARTIES)

Before formally moving for an order relating to discovery or when requesting IDR (as provided below) the movant must request a telephone conference with the Court. This request for a telephone conference must be made well in advance of any upcoming deadlines relating to the discovery dispute. The movant must meet and confer with the opposing side to make the request and coordinate the submission of a SHORT JOINT EMAIL to chambers at thorson_chambers@mnd.uscourts.gov setting forth:

      a)    a short description of the discovery dispute;

      b)    the parties' positions on informal dispute resolution;

      c)    the deadline for fact discovery and how the discovery dispute affects the deadline; and

      d)    possible dates and times for a telephone conference.

No attachments are permitted. The Court will either then schedule a conference call or will set a schedule for informal dispute resolution letters and a subsequent informal IDR telephone hearing, if necessary. The telephone conference is required to ensure that the dispute is presented and resolved consistent with Fed. R. Civ. P. 1.

## INFORMAL DISPUTE RESOLUTION (IDR) (NOT INVOLVING THIRD PARTIES)

Prior to initiating any non-dispositive motion, parties should consider whether the matter can be informally resolved without a formal non-dispositive motion. **All parties must agree to participate before the Court will consider IDR. If there is no**

8

**agreement to resolve a dispute though IDR, then the dispute must be presented to the Court through formal motion practice.**

If the parties agree to pursue the IDR process, the Court will set up the schedule and process for informal letters to be submitted. The Court will likely set up an informal IDR telephone hearing date. If the parties wish to proceed with IDR in a manner other than that previewed above, the short joint email must include a specific proposal for the Court to consider.

## DISCOVERY DISPUTES – FORMAL MOTION PRACTICE

As discussed above, except in disputes involving third parties or pursuant to other Court orders, the moving party must first request a telephone conference with the Court. Local Rule 37.1 governs the form of discovery motions. Counsel must adhere to the Rule; however, they should prepare their documents to offer a clear presentation of the discovery dispute in an efficient and effective way. One suggested approach is set forth below.

| |
|---|
| Insert the actual written discovery request |
| Insert the actual response and objections |
| Insert positions after meet and confer to make clear any compromise positions offered by either side |
| Legal argument |
| Specific relief sought (the Court strongly encourages the moving party to submit a detailed proposed order. Generic proposed orders are not helpful.) |

The history and current status of the dispute should be clear to the Court without having

to cross-reference multiple exhibits.

If a party claims that responding to discovery presents an undue burden, the responding party must present evidence supporting this objection in their motion papers.

The Court will give the parties permission to exceed the word limits for their memorandum if the additional words will help avoid the need to cross-reference multiple exhibits to understand the:

- requests at issue;

- responses and basis for objections;

- parties' positions after their meet and confer sessions;

- legal arguments; and

- specific relief sought.

If a party seeks to exceed the limits, they must obtain permission by filing and serving a letter pursuant to Local Rule 7.1(f)(1)(D). The letter should reference this Scheduling Order.

## DISPOSITIVE MOTIONS

### Class Certification Motion[3]

Plaintiff's Motion for Class Certification must be filed and served by **August 9, 2021**. Defendant's Opposition must be filed and served by **October 8, 2021**. Plaintiff's Reply must be filed by **November 8, 2021**.

---

[3] The parties should not assume that a decision on a motion for class certification will issue prior to the deadline for filing other dispositive motions.

Other Dispositive Motions

All other dispositive motions must be filed and served no later than **February 1, 2022**.
All dispositive motions shall be filed and served in compliance with the Electronic Case
Filing Procedures for the District of Minnesota and in compliance with Local Rule 7.1.
Counsel shall schedule the hearing by calling **Lori Sampson**, Courtroom Deputy for
Judge Donovan W. Frank, at **651-848-1296**. When a motion, response, or reply brief is
filed on ECF, two paper courtesy copies of the pleading and all supporting documents
shall be mailed or delivered to Courtroom Deputy Lori Sampson at the same time as the
documents are posted on ECF.

Notwithstanding the foregoing, no party shall bring a dispositive motion pursuant
to Fed. R. Civ. P. 56 while formal discovery is ongoing without first obtaining permission
from the undersigned magistrate judge. Permission shall be sought by electronically filing
via ECF a letter of no more than three pages briefly setting forth the basis for the motion,
whether discovery relating to the issue or issues to be addressed by the motion is
complete, and why judicial efficiency would be served by allowing the motion to proceed
at this time. The other party or parties may file brief letters in support of or in response to
the request. Denial of a request for permission to file an interim dispositive motion shall
not be taken as an indication of the Court's view about the merits of the proposed motion.

## **PROTECTIVE ORDER**

A protective order is in place. (Doc. No. 50.)

11

**FILING DOCUMENTS UNDER SEAL**

If the parties file documents under seal, they must follow the procedures set forth in Local Rule 5.6. This Court notes that the Committee Notes to the Local Rule are instructive. *See* http://www.mnd.uscourts.gov/local_rules/LR-5-6.pdf.

**SETTLEMENT CONFERENCE**

A settlement conference will take place on **February 17, 2021**. A separate Order for Settlement Conference will be issued.

**TRIAL**

The trial ready date is **July 1, 2022**. The anticipated length of trial is **7-10** days.

To the extent they do not conflict with this Amended Pretrial Scheduling Order, all other deadlines and requirements set forth in the Pretrial Scheduling Order dated July 7, 2020 (Doc. No. 46) remain in full force and effect.

Date:   October 26, 2020

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

12